ARNOLD *v.* SCOTT.

*The statute of limitations, in an action of trover, for bank notes and silver coin, does not commence running until the plaintiff obtains knowledge of the conversion.*

WASH, J., dissenting.

ERROR to the Circuit Court of Howard county.

TOMPKINS, J., delivered the opinion of the Court.

This was an action of trover, brought by Scott against Arnold, to recover damages for certain bank notes and silver coins of said Scott, by him charged to have been converted by Arnold to his own use.   Arnold pleaded, first, not guilty ; second, not guilty within five years.   Scott joined issue on the first plea, and to the second replied that within ten years next before the said action was commenced, said Arnold secretly took the said bank notes and silver coins in the said declaration mentioned, out of the possession of him the said Scott ; and without his knowledge or consent, secretly converted the said bank notes, &c., to his own use ; and that said Arnold, for and during the space of five years next after the said taking and conversion, concealed the said taking and conversion, so that he, the said Scott, did not within that time come to the knowledge thereof ; and avers that he was thereby defeated and obstructed in bringing his action, &c.   To this replication the defendant demurred. (14) Judgment for the plaintiff, and to reverse this judgment the defendant prosecutes his writ of error.

By the statute, the time for bringing actions of trover is limited to five years, with a proviso that if any defendant by absconding or concealing himself, or by removal out of the State, &c., where such cause of action accrued, or by any other indirect means shall defeat or obstruct the bringing or maintaining of the action within the limited time, such defendant shall not be permitted to avail himself of the benefit of the act.

For the defendant it was contended that he could not be brought within this provision of the statute, unless it were alledged that he had done some act to obstruct the plaintiff in bringing his action, within the five years next after the cause of action had accrued ; that mere silence on the subject of the taking could not be construed to be an act done, to defeat or obstruct the bringing of the action ; that the law seems to require that the defendant should not be deprived of the benefit of the statute, unless he did some other act (than that by which the right of action accrued) to defeat or obstruct the plaintiff in bringing his action.

All the difficulty in this case seems to arise out of the character of the property, alledged to have been taken and converted.   The bulk of money is so small, and one piece of money is so much like another, that its concealment differs very little from the privacy of a prudent and honest man in keeping such property.   Between the prudent use and the concealment of more cumbrous property, there is a greater difference. Had the defendant, for example, taken a wagon of the plaintiff, and used it on his

farm or on the road, it can hardly be imagined that a jury would find it to be such a concealment as to deprive him of the benefit of the estate ; but had he taken it to his house in the night time, and after taking it to pieces, packed it away in a private room, and there kept it locked up for five years, there could be little doubt that it would be such an act as would defeat and obstruct the plaintiff in bringing his action, so as to deprive the defendant of the benefit of the act. But is it reasonable, that a trespasser, who appropriates to himself the least cumbrous and most precious of all personal property, shall be in a better situation than he who takes possession of more cumbrous and less valuable property. The proof of the concealment of the one, is more easy than that of the other ; but the burthen of the proof lies on the plaintiff, and no reason is apparent why a jury should not be left to ascertain the difference (15) between the concealment of money, and a reasonable privacy in using or keeping it. If the proof is more difficult than it would be in case of more bulky property, the danger of its being secreted is also greater. Policy requires that money should be guarded by the law with as much care as other property ; and if there be no doubt that such a concealment of a wagon, as above mentioned, would be within the meaning of the provisions of the act, no reason occurs why the concealment of money should not equally be within its provisions. The replication, we think, is good. The judgment of the Circuit Court is affirmed.

Wash, J., dissenting.

I dissent from this opinion, on the ground that the statute begins to run, from the time the cause of action accrues ; and the ignorance or knowledge of the plaintiff, as to rights, can make no difference, since the fact is not susceptible of proof, and must rest, in most cases, entirely in the breast of him who affirms his ignorance.