Foley v. Jones.

JOHN FOLEY, Plaintiff in Error vs. JAMES M. JONES, Defendant in Error.

1. *Limitations, statute of—Sheriff—False return—When the statute begins to run—* Where a sheriff falsely returns that he has served the defendant to a suit, he thereby commits a fraud against such defendant, and the Statute of Limitations does not begin to run from the time of such return. (2 W. S., p. 920, § 24.)

*Error to Clay Circuit Court.*

*Woodson & Lincoln and Samuel Hardwick,* for Plaintiff in Error.

Plaintiff could not bring his suit until he knew he had a right of action; and the improper act of defendant prevented his knowing it. (2 W. S., 920, § 24; Arnold vs. Scott, 2 Mo., 14; Harper vs. Pope, 9 Mo.; 402; The First Massachusetts Turnpike Corporation vs. Field. *et al.*, 3 Mass., 201; Homer vs. Fish, *et al.*, 1 Pick., 435; Titus Wells, Exe'r, &c., vs. Fish & Winsor, 3 Pick., 74; Stephens vs. St. Louis National Bank, 43 Mo., 388; Angell on Limitations, § 186.)

Where an improper act of defendant prevents the commencement of an action against him, he cannot claim the benefit of the statute. (Smith Adm'r. vs. Newbey, 13 Mo., 165.)

*J. W. Jenkins,* for Defendant in Error.

The statute commences to run from the time of the return. (Bank, &c. vs. Childs, 6 Cow., 238; Miller vs. Adams, 16 Mass., 456; Caesar vs. Bradford, 13 Mass., 169.)

Want of knowledge of the facts necessary to enable the plaintiff to bring suit, does not prevent the statute from running. (Smith vs. Newbey, 13 Mo., 159; Troup vs. Smith, 20 Johns., 33; Granger vs. George, 5 Barn & Cress, 149; Leonard vs. Pitney, 5 Wend., 30; Allen vs. Mille, 17 Wend., 202; Short vs. McCarthy, 3 B. & A., 626; Brown vs. Howard, 2 B. & B., 75.)

The return of a writ by the sheriff is a part of the public record of the Court, and imparts notice of what it contains to the whole world. (Stephens vs. Beckes, 3 Blackford, 88; Ballantine on Lim., 92, 96.)

The plaintiff is chargeable with knowledge of the facts, if it

was within his reach, which it clearly was in this case. (Farnam vs. Brooks, 9 Pick., 212 ; Cole vs. McGlathry, 9 Greenleaf, 131.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought against the defendant, who was formerly Sheriff of Clay County, for making a false return.

The petition states in substance that on the 22nd day of April, 1860, plaintiff and others became bound as indorsers on a note for one Michael B. Rice, for the sum of two hundred dollars, which was negotiated to the Farmers' Bank of Missouri ; that on the 22nd day of March, 1866, said bank instituted suit on said note against said parties and against the plaintiff ; that summons was issued in said cause and placed in the hands of the defendant, then Sheriff of Clay County, on the 23rd day of March 1866 ; that the defendant on the 7th day of April, 1866, made the following false and fraudulent return : "I certify and make return that I executed the within writ, by delivering a true copy of the petition and writ to Michael B. Rice." That he also on the same day made the following false return on said writ : " I further certify and make return that on the day above named, I executed the within writ by delivering a copy of the writ to Andrew Foley, Thomas I. Kidd and John Foley," &c.

The petition then alleges that defendant did not serve said writ on any of the defendants therein named, and particularly that he failed in any manner whatever to serve the same on plaintiff. That plaintiff had no knowledge that such a suit was instituted, and that defendant failed to notify him as required by law. That on the 28th day of April, 1866, judgment was rendered in said cause for two hundred and seventy four dollars. That the first notice plaintiff had of the pending of said suit, or of the judgment, was in 1869, when money in the Commercial Savings Bank, in Liberty Mo., to the credit of plaintiff was garnished and collected, and applied to the payment of said judgment, on the — day of — 1869. That plaintiff had a meritorious and just defense to said ac-

tion at the time of the commencement thereof, which he could have made fully appear to the court if he had been summoned ; that said note had been paid off by plaintiff in August, 1861, (setting forth the manner in which it was paid;) that he could have made that fact appear and have successfully defended against said note but for the false return made by the defendant, by reason of which false return he was damaged in the sum of four hundred and fifty dollars, for which he asks judgment.

This action was commenced March 3, 1871.

Defendant filed his answer, pleading first the statute of limitations, that more than three years had elapsed between making the return, and the bringing of the action. He then denied that he made a false return, and denied that plaintiff could have successfully defended the action.

Plaintiff filed a replication denying the charge that the right of action did not accrue within three years; alleged that the payment by plaintiff of the money he was compelled to pay by reason of the false return, was not paid until about the month of October 1869, and that plaintiff had no notice of the institution of said suit till his money deposited in the bank was garnished, which was in October 1869, and within three years before the commencement of this action. The cause being called for trial, the plaintiff proposed to prove by witnesses and by records all the facts as charged in his petition, to the admission of which testimony, defendant objected on the ground that defendant was entitled to a judgment on the pleadings in the case, as they did not state facts sufficient if true, to take the case out of the statute of limitations, and that the demand was barred by the statute; which objections the court sustained, and then gave judgment for defendant.

The only question presented for our determination is, whether the action is barred by the statute of limitations. The statute provides that after the lapse of three years no action shall be brought against a Sheriff, Coroner, or other officer upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty. (2 W. S., p. 918, § 11.)

But it is further provided that if any person by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time limited therein, after the commencement of such action shall have ceased to be so prevented. (*Ibid*, p. 920, § 24.)

It may be conceded that the statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suits unless that ignorance is occasioned by some improper conduct on the part of defendants. If the defendant absconds or conceals himself, or does any other improper act to prevent the commencement of an action, he is not within the protection of the statute. If he has not done any of these things then he is protected, although the plaintiff may have been guilty of no laches. The making of a false return is unquestionably an improper act, but that of itself would not prevent the commencement of an action. But coupled with other acts it might produce that result, and exclude the officer making it from the protection of the statute. As a general proposition, and as to parties to the suit, the statute would commence running from the time of making the return, because then the parties are in court, and would be bound to take notice of it. But when no notice has been served, and a false return is made, the party, in effect, is a stranger to the proceeding, though bound by the return as a party to the record. He has nothing to put him upon inquiry, and laches is not properly imputable to him. The officer by his improper conduct commits a fraud upon him, and by concealing the fact that a false return has been made, prevents him from commencing an action. It is not to be supposed that a party who has had no notice that an action has been commenced against him, will continually visit the clerk's office for the purpose of ascertaining whether he has been sued and whether the sheriff has made a return of service, when in fact there has been no service. If a judgment is obtained against a party without his knowledge on a false return, he is prevented from bringing suit because he knows nothing about the fact, and

the officer by his fraudulent and improper act has thrown him off his guard, and closed up all motive to inquiry. We are aware that a strict literal reading of the statute might lead to a different view. But we think that the construction that we have arrived at, manifestly carries out the spirit and intention of the law, and promotes the ends of justice.

It follows that the Court erred in holding that on the pleadings the plaintiff was barred by the statute, and with the concurrence of the other judges its judgment will be reversed and the cause remanded.