SETH S. BARNES et al., Appellants, v. BENJAMIN PIKEY et al.

In Banc, December 21, 1916.

1. CONSTITUTIONAL LAW: Title: Drainage District: Overseer. The title to the county court drainage law of 1913, Laws 1913, p. 278, which undertakes to repeal fourteen sections of a certain article of the Revised Statutes 1909, whose head note was, "Construction and Improvement of Ditches," and refers to said article by said words, and enacts sixteen new sections in lieu thereof, is broad enough to contemplate a provision in the new sections for a ditch overseer and requiring him to keep said ditches free from obstructions and to pay him a salary for his services, since such things are germane to the improvement of ditches.

2. ————: Maintenance Tax: Due Process. The parties who must pay the ditch maintenance tax provided for by the drainage act of 1913, Laws 1913, p. 278, have their day in court when an attempt is made to enforce the assessments, and the act does not deny them due process of law.

3. ————: Retrospective. A law cannot be held to be retrospective simply because it requires citizens to do that which they have previously voluntarily done.

4. DRAINAGE DISTRICT: Maintenance Tax: Apportionment According to Cost. Notwithstanding the statute (Sec. 5611b, R. S. 1909) says the maintenance tax to keep the ditches in proper condition shall be apportioned according to "benefits assessed," a tax based on "the estimated cost of construction and incidental expenses as shown by the report of the viewers and as amended by the court" is legally apportioned, since relative uniformity is arrived at by using either as a basis, and the two mean the same thing.

5. ————: ————: Remedy by Injunction. If the law in pursuance to which a tax to maintain drainage ditches is levied is constitutional, all other matters vital to the tax can usually be invoked in legal proceedings to enforce its collection, and need not be determined in an injunction brought to enjoin the collection of the tax.

Appeal from New Madrid Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*Oliver & Oliver, E. F. Sharp* and *Thomas Gallivan* for appellants.

(1) The Act of March 27, 1913, is unconstitutional: (a) Because in contravention of section 28 of article 4, providing that no bill shall contain more than one subject which shall be clearly expressed in its title. Constitution, art. 4, sec. 28; State ex rel. v. Baker, 129 Mo. 482; State v. Rawlings, 232 Mo. 544; State ex rel. v. Wiethaupt, 231 Mo. 456; State ex rel. v. Bronson, 155 Mo. 281; St. Louis v. Wortman, 213 Mo. 138; Williams v. Railroad, 233 Mo. 674; State v. Sloan, 258 Mo. 305; State v. Fulks, 207 Mo. 26; State v. Heege, 135 Mo. 118; Cooley on Constitutional Limitations (4 Ed.), p. 182. (b) Because in contravention of section 30 of article 2 of the Constitution, which provides that no man shall be deprived of his property without due process of law. Constitution, art. 2, sec. 30; State ex rel. v. Holtcamp, 245 Mo. 670; Charles v. City of Marion, 98 Fed. 11; Railroad v. Chicago, 17 U. S. 585; Ohlman v. Saw Mill Co., 222 Mo. 62; Wilcox v. Phillips, 169 S. W. 58; Embree v. Road Dist., 166 S. W. 282; Davidson v. New Orleans, 96 U. S. 104. (c) Because in contravention of section 15 of article 2 which prohibits the enactment of laws retrospective in their operation. Constitution, art. 2 sec. 15; Blum v. Ins. Co., 197 Mo. 513. (2) The county court in making the order and extending the so-called maintenance tax did not follow the provision of the law. Taxes being against common right and there being no inherent power in the county court to levy same, the laws authorizing the levy must be strictly followed. Laws 1913, p. 279, sec. 5611B; Sec. 11418, R. S. 1909; State ex rel. v. Railroad, 87 Mo. 239; Abbott v. Lindenblower, 42 Mo. 162; State ex rel. v. Shortridge, 56 Mo. 125; State ex rel. v. Le-

Seuer, 141 S. W. 888; Noll v. Morgan, 82 Mo. App.
119; Overall v. Ruenzi, 67 Mo. 203; Railway Co. v.
Apperson, 97 Mo. 300. (3) The "ditch overseer" had
no authority to let the work by private contract at
exorbitant prices as was done in this case and the tax
to meet this expense was without authority. The
statute says in plain words that he shall "hire labor-
ers" to do the work. Ellsberry v. Black, 120 Mo.
App. 23; Laws 1913, sec. 5611a. (4) Injunction will
lie to prevent the collection of taxes levied without
authority. Railroad v. Apperson, 97 Mo. 300; Bank
v. City, 73 Mo. 555; Overall v. Ruenzi, 67 Mo. 203; Stinker
v. Heman, 148 Mo. 354; Verdin v. St. Louis, 131 Mo.
26; High on Injunctions, sec. 574. (5) The petition
presents ample grounds for equitable relief and an
injunction is the only adequate remedy. There are
several reasons for this: (a) It will prevent a mul-
tiplicity of suits. Verdin v. St. Louis, 131 Mo. 114;
Breimeyer v. Bottling Works, 136 Mo. App. 84; Pom-
eroy's Equity Jurisprudence (2 Ed.), sec. 245; High on
Injunctions, sec. 574; Coal Co. v. St. Louis, 130 Mo. 329;
Swope v. Weller, 119 Mo. 556; Michael v. St. Louis,
112 Mo. 610. (b) The fact that the "ditch overseer"
did not follow the statute in doing the work is one
capable of being proven only by parole testimony
and a fact "not apparent on the face of the record,"
making the assessment void. Verdin v. St. Louis, 131
Mo. 112; Mason v. Black, 87 Mo. 344; Clark v. In-
surance Co., 52 Mo. 272; High on Injunction (2 Ed.),
sec. 524. (c) The tax attempted to be levied, not
being a special assessment collectible by suit, but in
the way ordinary taxes are collected, plaintiffs have
never had and do not have on opportunity to be heard,
so injunction will lie to prevent the attaching of the
statutory lien. Page & Jones on Taxation by Assess-
ment, secs. 119 and 132; Embree v. Road Dist., 166
S. W. 287. (d) The petition alleges that the contracts
for the doing of the work for which the tax is levied
were fraudulently let. Fraud is always a ground of
equitable relief and is in regard to taxes. High on In-

junctions (2 Ed.), secs. 490, 500. (e) There being a large number of plaintiffs, it is proper that they should join in an action for equitable relief, their interest in the subject-matter being common to all. High on Injunctions (2 Ed.), sec. 574. (f) The tax casts a cloud upon the title to the real estate of plaintiffs. This has always been a ground of relief by injunction. And it applies to restraint of tax collections. R. S. 1909, sec. 2534; Railway v. Apperson, 97 Mo. 300; Bank v. City, 73 Mo. 555; Winkler v. Halstead, 36 Mo. App. 25; State ex rel. v. Columbia, 111 Mo. 365; Arnold v. Hawkins, 95 Mo. 569; N. St. Louis Soc. v. Hudson, 85 Mo. 32.

*S. J. Smalley* for respondents.

(1) Appellant's first contention, that the act under which the said maintenance taxes was levied, is unconstitutional: (a) Because obnoxious to section 38 of article 4 of the Constitution, in that it contains more than one subject, and that the same is not clearly expressed in the title, has been ruled adversely to their claims. State v. Doering, 194 Mo. 409; O'Connor v. Transit Co., 198 Mo. 622; State ex rel. v. Bransen, 115 Mo. 271. (b) Because in contravention of section 30 of article 2 of the Constitution, in that it attempts to deprive appellants of their property without due process of law. This contention is not well taken. Embree v. Road Dist., 166 S. W. 282; St. Louis v. Richeson, 76 Mo. 470; Kansas City v. Huling, 87 Mo. 203; Springfield v. Weaver, 126 Mo. 436. (c) Because obnoxious to section 15 of article 2 of the Constitution, in that it is retrospective in its operation. This point was also correctly ruled against appellants. Constitution, art. 2, sec. 15. (2) Appellants' second contention, that the court erred in not holding that the county court had exceeded its authority in levying a flat tax instead of apportioning said tax upon the basis of benefits assessed to the land in said district was properly overruled. Secs. 11522, 11399, 11383, R. S.

1909. (3) Appellants' contention, that the acts of the ditch overseer in making contracts for clearing said ditches of brush, briars and weeds, were without authority of law, is based upon a misconception of the law, which does not prescribe the manner in which said work shall be done nor prohibit its being done by contract. Laws 1913, p. 278, sec. 5611B. (4) A taxpayer cannot maintain injunction to restrain the collection of illegal tax, except where the threatened injury is irreparable, or such as could not be redressed by an action at law. No such circumstances appear upon the facts in the instant case and appellants have no equity. State ex rel. v. County, 32 Mo. 496; State v. County, 51 Mo. 350; Bank v. Meredith, 44 Mo. 500; Railroad v. Reynolds, 89 Mo. 146; Railroad v. Lowder, 59 Mo. App. 3. (5) The demurrer attacks the petition for repugnance. The grounds therefore go to the relief sought. The petition alleges the illegality of the acts of the county court in levying said taxes and of the ditch overseer in the manner of letting contracts for the work of clearing said ditches and at the same time attacks the validity of the law. These two positions are repugnant. It is well settled that parties cannot take inconsistent positions, and the demurrer was rightly sustained on this ground. Mansfield v. Bank, 34 Mo. App. 200; Rutledge v. Railroad, 110 Mo. 312. (6) The petition alleges that the act of the Legislature under which the taxes in question were attempted to be levied and collected is unconstitutional, and that the levy was wholly unauthorized and void. This averment states the case out of court and injunction will not lie. Dean v. Todd, 22 Mo. 90; Sayre v. Tompkins, 23 Mo. 443; Lockwood v. St. Louis, 24 Mo. 20; State ex rel. v. County, 32 Mo. 496; Bank v. Meredith, 44 Mo. 503.

GRAVES, C. J.—This is an equitable action, instituted by three taxpayers and landowners in Drainage District No. 18 of New Madrid County, the purpose of which is to enjoin the collection of a certain main-

tenance tax, which has been levied in said drainage district. To this petition the defendants demurred, for a great number of reasons, and the court sustained the same. Plaintiff refusing to plead further, judgment went against them and they have appealed. Constitutional questions bring the case here. Counsel for appellants thus state their petition and case:

"This is a proceeding instituted in the circuit court of New Madrid County, seeking to restrain the collection of a tax levied under the authority of an act approved March 27, 1913, and entitled 'An act to repeal sections 5580, 5583, 5584, 5586, 5588, 5595, 5596, 5603, 5605, 5608, 5614, 5618, 5634 and 5635 of article 4, chapter 41, of the Revised Statutes of Missouri, 1909, relating to the construction and improvement of ditches, water courses and levees upon the petition of one or more landowers and to enact new sections in lieu thereof and in addition thereto, to be known as follows: 5580, 5583, 5584, 5586, 5588, 5588a, 5595, 5596, 5603, 5605, 5608, 5611a, 5611b, 5614, 5618 and 5619a, with an emergency clause,' and found upon page 271 of the Laws of 1913.

"The petition in brief sets up three different and distinct reasons why this tax should be enjoined and restrained:

"1. It avers that the act of the General Assembly, approved March 27, 1913, is unconstitutional:

"a. Because the act is in contravention of section 28 of article 4, providing that no bill shall contain more than one subject which shall be clearly expressed in its title;

"b. Because the act is in contravention of section 30 of article 2 of the Constitution of Missouri providing that no person shall be deprived of life, liberty or property without due process of law;

"c. Because the act is in contravention of section 15 of article 2, of the Constitution of Missouri, prohibiting the enactment of laws retrospective in their operation;

"2. The petition avers that notwithstanding the law is deemed to be unconstitutional, yet even conceding that it was, the county court of New Madrid County in making the levy of the tax complained of did not even follow the law as passed by the Legislature, in this that the law says that the so-called maintenance tax shall be assessed upon the basis of 'benefits assessed' for original construction, while the levy as made by the county court is a certain percentage on the estimated 'cost of construction and incidental expenses' as shown by the report of the viewers.

"3. The petition further charges that the 'ditch overseer' in having the work done for which the tax was assessed did not follow the law in this, that while the act provides that the ditch overseer shall 'hire laborers' and do the work of clearing the right of way, in truth and in fact the ditch overseer let the same at private contracts without competition to friends at exorbitant prices, in many instances three or four times the actual cost of doing the work, thus creating large and uncalled for liabilities."

The divers grounds of demurrer, in so far as necessary, will be noted in course of the opinion. The vital questions are really raised by a general ground in the demurrer, to the effect that the petition fails to allege facts sufficient to state a cause of action.

I. The first insistence is that sections 5611a and 5611b of the Act of 1913 (Laws 1913, pp. 278 and 279) are beyond the purview of the title and are therefore unconstitutional and void. The title of the act reads:

Title.

"An Act to repeal sections 5580, 5583, 5584, 5586, 5588, 5595, 5596, 5603, 5605, 5608, 5614, 5618, 5634 and 5635 of article 4, chapter 41, of the Revised Statutes of Missouri, 1909, relating to the construction and improvement of ditches, water courses and levees upon the petition of one or more landowners, and to enact new sections in lieu thereof and in addition thereto,

to be known as follows: 5580, 5583, 5584, 5586, 5588, 5588a, 5595, 5596, 5603, 5605, 5508, 5611a, 5611b, 5614, 5618 and 5619a, with an emergency clause."

Section 5611a first provides for the appointment by the county court of "a competent ditch overseer" annually. It then provides his duties and work to be done and wages, and then concludes thus:

"All the expenses of said maintenance and repair work, to be done by the overseer, as provided for in this section, shall be charged to the district for which the work is done, and shall be paid by the county court in warrants on said district, to be paid out of the levy and assessments made for maintenance purposes."

Section 5611b is the section which provides for the levy of a maintenance tax, and reads:

"The county court shall have power at the May term of court of each year to levy an assessment of tax upon each tract or parcel of land or corporate property within the district to be used in maintaining, preserving, restoring, repairing, strengthening and replacing the drains, ditches, levees and other works of the district. Said tax shall be known as a 'maintenance tax' and shall be apportioned upon the basis of benefits assessed for original construction, and shall be limited in any one year to ten per cent of the original cost of construction. It shall be entered in a separate column in the ditch tax book opposite each tract or parcel of land and corporate property in the district, by the county clerk, and it shall be certified to the county collector and by him collected in the same manner and subject to the same penalties for delinquency as the annual installment of tax: *Provided*, that where a levee of any district organized under the provisions of this law has been impaired or destroyed and conditions, in the judgment of the court, require the same to be repaired or restored immediately in order to prevent the land and other property in the district from being damaged by water, the county court may order the engineer of the district, without giving public notice, to employ teams, men, and ma-

chinery either by the day or by the job to repair or restore such levee, and the cost of such work shall be paid for out of the funds of the district derived from the maintenance tax levied under the provisions of this section.''

The question is, do these sections fall fairly within the purview of the title, or are they germane to matters fairly within the purview of the title? Article 4 of chapter 41, Revised Statutes 1909, is the county court law for the formation of drainage districts. It began with section 5578 and ended with section 5635. The Act of 1913 repealed 14 sections of this old law, and enacted in lieu thereof and in addition thereto 16 sections. The head note of article 4, chapter 41, Revised Statutes 1909, was:

''Construction and improvement of ditches, water courses and levees upon petition of one or more landowners.''

The old law, sections 5613 and 5614, Revised Statutes 1909, provided for assessments for cleaning ditches, but the method of procuring the assessment is different. There is added, however, in the new law the ''ditch overseer, whose duty it shall be to personally supervise and inspect all ditches in the county constructed under this article.'' He is required to report their condition once per year to the county court, and report the amount required to maintain the ditches for the ensuing year. He is to file complaints with the prosecuting attorney when persons unlawfully obstruct the ditches. In addition this new section further says of the ditch overseer:

''He shall have the power and authority, and it shall be his duty at the expense of the district, to remove all obstructions from all ditches, however caused, and maintain said ditches and keep the banks and rights of way thereof free from debris, buildings, fences, flood gates, briers, bushes or trees within thirty feet of the bank, objects and conditions which are likely to injure or obstruct said ditches, and in the month of August of each year he shall employ laborers and cut all bushes,

briers, trees and weeds from the rights of way of such ditches, not exceeding thirty feet from the edge of the ditches.''.

Do these matters fall fairly within the purview of the title, or are they germane to things fairly within the title. We think so. The title by its reference takes in the title to article 4 of chapter 41. That broad title was ''Construction and Improvement of Ditches.'' The title of the Act of 1913 included this, and further stated that certain sections of the old chapter were repealed, and that new and additional sections were to be adopted. The legislators could not be mislead. There was fair notice that new sections were to replace old sections, and that additional sections were to be added. If these new sections are germane to the general subject of ''constructing and improving ditches'' they are within constitutional limitations. The work which this overseer was to do was clearly within the line of improving ditches. The subject-matter was therefore clearly germane to the subject-matter clearly stated in the title. Much is said in the briefs about creating an office. The fact is the county court was permitted to employ a man by the year at the rate of $3.50 per day for time required in performing this work. Under very recent cases the title is sufficient to cover these sections. [State v. Doerring, 194 Mo. 398; O'Connor v. Transit Co., 198 Mo. 622, and cases cited.] In the Doerring case, we have a title very similar to the one at bar. We also had quite broad additions .to the old law.

It is urged that these sections have been repealed by Act of 1915. So it may be, but this does not affect their constitutionality while they stood. We do not think the Act of 1913 does violence to section 28 of article 4 of our Constitution, and we so rule.

II. Nor is section 30 of article 2 (due process clause) of our Constitution violated by this law. The parties

have their day in court when attempt is made to enforce
these assessments. This question was fully
reviewed by WOODSON, J., in Embree v. Road
Dist., 257 Mo. 593. The authorities are there
all reviewed. The case was one of assessments for bene-
fits, and the conclusions there are final here. No good
purpose would be subserved in a further review of the
cases upon the question. The exact point was at issue
there, and we refer the curious to the discussion in that
case.

III. Far less substance is found in the contention that
the law violates section 15 of article 2 of the Constitu-
tion which prohibits retrospective laws. The proposi-
tion is thus uniquely stated by learned
counsel: .

"In the case at bar it is alleged in the
petition as one of the grounds for an injunction that
these petitioners in pursuance of the provisions of
section 5612, Revised Statutes 1909, did keep the said
ditch open and free of obstructions on their respective
lands, and did keep the banks thereof free from willows
and other vegetation which had a tendency to grow in
the water of said ditch, and having done this we re-
spectfully submit that any act attempting to tax these
petitioners for the doing of something which they had
already done was as to them retrospective in its opera-
tion."

The statement of the proposition is its own answer.
When the things required by section 5612 are compared
with the things required by the amendments, here
challenged, it will be seen that other and additional
things are mentioned. But aside from this the statement
quoted from counsel above does not make a retrospec-
tive law. The cases cited are not in point.

IV. The next contention is thus stated:

"By section 5611b of this act the county court was
required to apportion said maintenance tax upon the

basis of 'benefits assessed' for original construction, but the county court of New Madrid **Apportionment of Tax.** County specifically provided that a levy of four per cent should be based 'upon the estimated cost of construction and incidental expenses as shown by the report, of the viewers and as amended by this court' at the time of the organization of the said several drainage district.''

The purpose of this provision was to get at a relative uniformity for the maintenance tax. It should be recollected that when those districts are organized, the assessment for benefits, against the several tracts of lands, included an estimate for location expenses, as well as actual construction expenses. [Secs. 5589, 5591, R. S. 1909.]

So that when the law is critically examined the term ''benefits assessed'' for original construction, is the same as the ''estimated cost of construction and incidental expenses as shown by the reports of the viewers and as amended by this court'' contained in the order of the county court. This for the reason that the law makes these incidental expenses for organizing the district a part of the original construction cost. The new section says that this maintenance tax ''shall be apportioned upon the basis of benefits assessed *for original construction,*'' and original construction includes both actual cost of construction and the incidental expenses for the organization of the district, mentioned by the order of the county court. There is nothing in the point.

V. Other points made have been examined, but we do not think they are such as require further elaboration in this opinion. If the law is constitutional, as we think, all other matters are but minor things, which if **Proceeding in Equity.** vital to the tax, could be invoked in the legal proceeding to enforce the collection. However, we note nothing that would defeat these taxes, in so far as the allegations of this bill are concerned.

The demurrer was well sustained on the general ground, and we will omit the discussion of specific grounds. The judgment of the circuit court is affirmed. All concur.