# FANNIE McCUE et al., Appellants, v. FLORENCE H. PEERY et al.

### Division Two, March 18, 1922.

1. **REVISION OF STATUTES: Classification: Powers of Commission: Wills and Administration.** The commission to revise the statutes of this State appointed under the Act of 1909 (Laws 1909, p. 642) had power, under Sections 9 and 10 of the Act of June 4, 1909 (Laws 1909, p. 645), regulating the preparation and promulgation of the Revised Statutes 1909, to re-arrange and classify the statutes relating to wills and place the same as an article in the chapter on Administration, notwithstanding the fact that up to that time those statutes existed as an independent law.

2. ———: ———: ———: ———: **Transference to Another Chapter.** The commission to revise the statutes of this State appointed under the Act of 1909 (Laws 1909, p. 642) in re-classifying the statutes relating to wills and placing them in the chapter on Administration and in inserting on page 3707 of volume 3 of the Revised Statutes 1909, where the law of wills formerly had been placed, the following: "Wills. See 'Administration' Art. XXI," complied with Sections 9 and 10 of the Act of 1909 (Laws 1909, p. 645) regulating the preparation and promulgation of the Revised Statutes 1909; and plainly indicated to any person interested in the subject that the law relating to "wills" had been transferred from its former position and classified as a part of the general administration law.

3. ———: **Amendment: Constitutional Law: Title.** An act to repeal a section of the Revised Statutes and to enact a new section has a sufficient title under Section 28 of Article 4 of the Constitution if reference to such section is made by its number in the Revised Statutes and the same number given to the new section enacted in its place.

4. ———: ———: ———: ———: **Wills and Administration.** The title to the Act of 1917 (Laws 1917, pp. 91 to 106 inclusive) which repealed fifty-two sections of the Revised Statutes 1909 and enacted fifty-two new sections in lieu thereof is in harmony with the requirements of Section 28 of Article 4 of the Constitution and is not subject to the criticism that the intention to change the time of filing will contests from two years to one year after probate was not clearly expressed.

293 Mo.—15

5. ———: ———: ———: **One Subject.** The Act of 1917 (Laws 1917, pages 91 to 106 inclusive) is not in violation of Section 28 of Article 4 of the Constitution as containing more than one subject, inasmuch as all the laws thereby repealed and all the laws enacted in lieu of those repealed are germane to and in harmony with the general law relating to administration of estates.

6. **WILL CONTEST:** Limitations. An action to contest a will, brought more than one year after the probate of the will, is barred by limitations.

Appeal from Gentry Circuit Court.—*Hon. John M. Dawson*, Judge.

AFFIRMED.

*Dudley & Brandom, Thos. H. Hicklin*, and *Scott J. Miller* for appellant.

(1) The Acts of 1917, Laws of 1917, beginning at page 90, especially Section 555 thereof, ending at page 106, is unconstitutional, because it conflicts with Section 28, Article 4, Mo. Constitution. State v. Burgdoefer, 107 Mo. 19; State ex rel. v. Gideon, 277 Mo. 356; Vice v. Kirksville, 217 S. W. 80; Williams v. Railroad, 233 Mo. 666; State v. Persinger, 63 Mo. 346; State ex rel. v. County Court, 102 Mo. 531; St. Louis v. Werthern, 213 Mo. 131; State v. Fulks, 207 Mo. 26; State v. Rawlings, 232 Mo. 544; Witzmann v. Railway, 131 Mo. 612; Perry v. Milling Co., 223 S. W. 738; Wolf v. Taylor, 13 So. 688; Thompson v. Luverne, 29 So. 326; State ex rel. v. Revelle, 165 S. W. 500; Douglas v. Hays, 49 Atl. 372; Shivley v. Lankford, 174 Mo. 544. (2) The court will take judicial notice of the fact that members of the Legislature, on account of the great number of bills introduced and the limited time in which they have to consider the same, are forced to rely on the title of the bills for information as to their contents. State v. Rawlings, 232 Mo. 558. (3) The various subjects dealt with in this act, consisting of the repeal and re-enactment and changing of fifty-two sections of Revised Stat-

utes 1909. and the various amendments thereto, including subjects which are not germane to each other or to the general scope of the act, to-wit; "Administration of Estates," and a reading of the title, would give no indication to the legislators that it was intended to deal with other subjects. (4) The subject, "Administration of Estates," would cover many of the sections attempted to be repealed and re-enacted and changed by the act, but Sections 408-24-26-30-32-65 relate solely to the subjects, "Guardians and Curators." This subject prior to a revision of 1909 had always been carried in the statutes under the chapter designated "Guardians and Curators," being found in Chapter 34, Revised Statutes 1899. Also Sections 474, 76, 78, 86, 90, 91, 92, 93, 94, 95, 98, 500 and 534, previous to 1909, were carried in a separate chapter know as "Insane Persons," being Chapter 39, Revised Statutes 1899. Also Section 355, relating to the subject "Dower," being Chapter 33, Revised Statutes 1899. And Section 555, the repealing amendment, and change of which we are here complaining as unconstitutional, was formerly carried in the Revised Statutes under the title, "Wills," being always carried prior to the revision of 1909 under that title, being Chapter 63, Revised Statutes 1899.

*Charles H. Mayer, Frank Sheetz, W. W. Davis* and *J. W. Peery* for respondent.

(1) Statutes of Limitation are considered as statutes of repose and as affording security against stale claims. Accordingly the courts are inclined to construe them liberally, so as to effect the intention of the Legislature, and will not, unless compelled by the force of former decisions, give a strained construction to evade the effect of those statutes. 17 R. C. L. sec. 30, p. 685 and notes; Rutter v. Carothers, 223 Mo. 631; State ex rel. v. Yates, 231 Mo. 276; State ex rel. v. Grant, 231 Mo. 292. (2) The cardinal purpose or intent of a whole act controls its construction, and words and clauses in diff-

erent parts of the statute must be read in a sense which harmonizes with the subject-matter and general purpose. Spurlock v. Wallace, 218 S. W. 890. (3) The title to this act, reciting as it does the chapter and sections repealed and re-enacted by their number, is entirely sufficient within the constitutional provision, under a long line of decisions in this State. St. Louis v. Tiefel, 42 Mo. 578; St. Louis v. Matthews, 44 Mo. 523; State ex rel. v. Ransom, 73 Mo. 78; State ex rel. v. County Court, 128 Mo. 441; O'Connor v. Transit Co., 198 Mo. 638; State v. Murry, 237 Mo. 165-166; State ex rel. v. Imel, 242 Mo. 303; State ex rel. v. Heege, 135 Mo. 112; Booth v. Scott, 276 Mo. 22. (4) There is no better settled law in our State than the rule that the courts will not hold a statute to be unconstitutional unless it contravenes the organic law in such a way as to leave no doubt of its unconstitutionality. Bledsoe v. Stallard, 250, Mo. 165; Board v. Peters, 253 Mo. 530; State v. Buente, 256 Mo. 247; State v. Scullin, 186 S. W. 1008. (5) The black side headings in the title to the act so much relied upon by a learned counsel to show its invalidity are not part of the laws they precede. (See Attestation to the Laws 1917, p. 591.) A complete history of Senate Bill No. 240, will be found in Senate Journal on pp. 69, 161, 215, 244, 337, 338, 450, 928, 929, 1158, 1176, 1184. On page 929 above cited will be found among other things the following: "Title read and agreed to." A complete history of Senate Bill No. 240 in the proceedings of the House will be found in House Journal, pages 1238, 1273, 1293, 1308, 1311, 1312, 1313, 1486. On page 1313 above will be found among other things the following: "Title to Senate Bill No. 240 was read and agreed to." An examination of the House and Senate journals above cited will show that this bill took the orderly and usual course in both chambers and it is idle to say that anybody could have been misled by the title. This court in a very recent opinion has demonstrated that it was in no wise misled by any ambiguity or want of clearness in the title, for in Johnson v. Brewn, 277 Mo. 398, it is stated in directs

terms that the limitation in will contests is now reduced from two years to one year, and by citing the very page and section now alleged by our learned friends to be unconstitutional. (6) If the suit was barred by the Statute of Limitation and such fact appears upon the face of the petition, then the demurrer was properly sustained and the petition dismissed, leaving the judgment of the probate court probating the will standing in full force. Stowe v. Stowe, 140 Mo. 605; Braenel v. Reuther, 270 Mo. 608.

RAILEY, C.—On August 22, 1919, the plaintiffs, who are appellants herein, commenced this action in the Circuit Court of Livingston County, Missouri, to contest the will of J. H. Peery, who died in August, 1918, and whose will was admitted to probate in said county on August 13, 1918.

Defendants filed a demurrer to said petition, on the ground that said proceeding was barred by the Statute of Limitations. The case was transferred to the Gentry County Circuit Court, on change of venue, and, on December 18, 1920, the demurrer aforesaid was sustained by said court, for the reason that said petition was not filed within one year from the date of judgment of the Probate Court of Livingston County aforesaid, probating said will, and said proceeding was dismissed. Appellants refused to plead further, a judgment was rendered against them for costs, and they appealed the case to this court.

Counsel for appellants state their theory of the case as follows:

"The contention of plaintiffs, appellants here, in this case is, that the repeal and re-enactment of Section 555, as it appears at page 106, Laws of Missouri for 1917, and the method of such repeal and re-enactment and change made in said section whereby the time for filing contests of will was reduced from two years to one year, were without authority of law and void, for the reason that the bill by which said change was made, beginning at page 91 of Laws of 1917, was defective, in that it was

a violation of Section 28 of Article 4 of the Constitution of Missouri, for the reason that the intention to change the time for filing contests of wills was not clearly expressed in the title to said act; and that the said Act contained more than one subject, and that said various subjects were incongruous and not germane to each other or to the subject expressed in the title of the bill, to-wit, Administration of Estates.

"This is the sole contention of Appellants."

Respondents contend, that Sections 525 and 527, Revised Statutes 1919, are valid; and that the right of appellants to contest the validity of said will is barred by the one-year Statute of Limitations supra.

I. The rights of the parties to this litigation depend upon the validity of Section 525, Revised Statutes 1919, which reads as follows:

"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court. [R. S. 1909, sec. 555; amended Laws 1917, p. 106.]"

Title of Act.

From the earliest history of our State, until 1907, the law relating to "wills," was not classified under "Administration of Estates," but stood as an independent law, and placed the limitation for contesting a will at five years. In 1907, the General Assembly passed an act (Laws 1907, p. 451) the title to which reads as follows: "An Act to amend Sections 4622 and 4624 of the Revised Statutes of the State of Missouri, 1899, relating to wills." The old law was simply changed in the above act by placing the limitation at two years instead of five. The law remained in this condition, until the revising session of the Legislature in 1909. In February of said year, a commission was appointed by the 45th General

Assembly to revise our statutes. The revising commission, thus appointed, was granted certain powers, by virtue of Sections 9 and 10 of the Act of 1909, Laws 1909, page 645, approved June 4, 1909. Section, 9 of above act provides, that:

"Immediately after the passage and approval of this act, the members of the revision commission appointed by the Governor, . . . shall proceed to collate, compile, arrange, classify and codify the Revised Statutes for publication, as contemplated by this act, and they shall have power to supply any obvious omission or inaccuracy, or to correct any error or mistake in numbering or referring to sections, articles or chapters or parts of any act or law in the Revised Statutes of 1899, whether said reference to a chapter, article or section is found in the body of a section or is used to designate the numerical location of such section, article or chapter in the body of the statutes, or any subsequent act of the General Assembly to be incorporated in the Revised Statutes. Whenever it is evident that the word 'chapter' has been erroneously used, the same may be changed and the word 'act,' 'article,' 'law' or 'statute' inserted in lieu thereof, or *vice versa,* and any errors in reference to sections, articles or chapters, or typographical or clerical errors in words may be corrected, or a section transferred, where it is evident that the same has been inappropriately placed and such divisions and subdivisions of the law and subjects to which they pertain may be made, and such terms or expressions may be used or employed to designate the same as in the judgment of the commission will best facilitate reference thereto, so that they do not in any case change, modify or alter the law."

Section 10 provides that: "Wherever an article or chapter has been transferred or placed under a more general heading, the title of the chapter or article transferred shall be retained at the place of its former location, followed by a reference to the subject and page where it is to be found in the present revision."

The revising commission, under the power conferred upon them supra, concluding that wills should be placed under the general classification of "Administration," left the body of the law relating to wills unchanged, but classified the same, under the general law of Administration, and designated it as Article 21 of Chapter 2 of the Revised Statutes of Missouri, 1909.  The commission complied with the requirements of Section 10 of the Act of 1909, Laws.1909, page 645, by inserting, on page 3707 of volume 3 of the Revised Statutes 1909, where the law of wills had been formerly placed, the following: "Wills —See 'Administration,' Art. XXI."  The above words plainly indicated to any person interested in the subject that the law relating to "wills," had been transferred from its former position, and classified as a part of the general Administration law.  By reason of the foregoing, Sections 555 and 557 of the Revised Statutes of 1909, were properly classified under the sub-title of wills, but placed under the general Administration law.

The Legislature had the right to make the above change, and performed its work so intelligently that no one could fail to learn, on the most casual examination the law relating to wills had been changed from its former position as an independent law, and classified as a part of the general Administration law.  We are of the opinion that the above change was not only authorized by law, but was a wise one, as the estates created by will are disposed of in the probate courts, like those of minors, insane persons, partnerships, intestate property, etc.  As a matter of convenience in legislation it was preferable to have these subjects under the general law relating to the administration of estates and, hence, the Legislature, in 1909, made the above change.

In 1917, the Legislature (Laws 1917, p. 91, and following) repealed Sections 555 and 557, Revised Statutes 1909, as well as other laws belonging to the general Administration classification, and enacted in lieu thereof other sections relating to the same subject, containing changes from the former laws, but all being properly

under the Administration classification formerly made by the Legislature. We find by comparison that the title to the above Act of 1917 was sufficient to cover all the legislation referred to therein, as it all belonged to the Administration classification and, hence, did not refer to more than one subject. The Act of 1917 dealt with Sections 555 and 557, Revised Statutes 1909, just as the Legislature had left them in 1909, to-wit, a part of the general Administration law of the State. When the new sections numbered 525 and 527, Revised Statutes 1919, were adopted by the Act of 1917, they placed the limitation at one year, instead of two, as formerly provided. When the Legislature convened in 1917, the Revised Statutes of Missouri of 1909 disclosed that Sections 555 and 557, Revised Statutes 1909, had been classified under the general Administration law; that they were placed under the sub-title of "Wills," and the latter was designated as Article XXI of Chapter Two, Revised Statutes 1909. If any member of the Legislature had been desirous of looking up the law relating to wills, and had turned to page 3707 of volume 3 of the Revised Statutes 1909, he would have there discovered that the law relating to same had been re-classified and made a part of the general Administration law, under the topic of wills and had been designated as Article 21 of Chapter 2 aforesaid.

The General Assembly, when it passed the act complained of, in 1917, made no new classification of any of the matters referred to in said act, but repealed Sections 555 and 557 of the Revised Statutes 1909, which had already been classified under the general Administration law of 1909, as heretofore shown, and re-enacted said sections, limiting the time for contesting wills to one year, etc. The 1917 Legislature, therefore, had the legal right to refer to said Sections 555 and 557 by number and to repeal the same. The law-making power also had the right to re-enact said sections by number, with the limitation changed from two years to one. [State ex rel. v. County Court, 128 Mo. l. c. 440-1; State v. Murray,

237 Mo. l. c. 166; State ex rel. v. Imel, 242 Mo. l. c. 302-3; Barnes v. Pikey, 269 Mo. 398, 190 S. W. 883; Asel v. City of Jefferson, 287 Mo. l. c. 205-6, 229 S. W. l. c. 1048-9.]

Without extending this discussion further, we hold that the title to the Act of 1917, supra, is in harmony with the requirements of Section 28 of Article 4 of our Constitution, and is not subject to the criticisms leveled against it by appellants' counsel in their briefs. [Asel v. City of Jefferson, 287 Mo. l. c. 205,-6 229 S. W. l. c. 1048-9 and cases cited; State ex rel. v. County Court, 128 Mo. l. c. 440-1.]

II. It is further contended by appellants that the Amendatory Act of 1917 contains more than one subject, which are not germane to each other, nor to the Administration of Estates. We are of the opinion that this contention is not sound, as shown in the preceding proposition. One Subject. An examination of all the laws repealed in the Act of 1917, and all of those reenacted in lieu of the repealed laws, clearly indicate that they are germane to and are in harmony with the general law relating to the administration of estates. [Asel v. City of Jefferson, 287 Mo. l. c. 205-6, 229 S. W. l. c. 1049, and cases cited.]

III. Having reached the conclusion that the Act of 1917 was constitutional, it follows that the judgment below was for the right parties and is accordingly affirmed. *White* and *Reeves CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur, except *Higbee, J.,* who dissents.