STATE OF MISSOURI at the Relation of HENRY BIER, Relator, v. BYRNE E. BIGGER, Judge of the Probate Court of Marion County, Missouri.—No. 38886.—178 S. W. (2d) 347.

Court en Banc, February 7, 1944.

Rehearing Denied, March 6, 1944.

*Ben E. Hulse, John L. Plowman* and *Harry Carstarphen* for relator.

504

*Rendlen, White & Rendlen, Sam Friedman, Roy Hamlin* and *Fuller, Fuller & Ely* for respondent.

506

 CLARK, J.—Original proceeding in mandamus in this court to compel respondent, judge of the probate court of Marion county, to take jurisdiction of the probate of the alleged last will of Joseph M. Smith, deceased, and to render a decision admitting or rejecting said alleged will to probate. Respondent, waiving issuance and service of our alternative writ, has made return to relator's petition and relator has moved for judgment on the pleadings.

The petition alleges that Joseph M. Smith died on December 17, 1941, the owner of property valued at $19,000.00, and leaving a duly executed will in which he named relator as executor and residuary legatee. That on September 15, 1943, relator filed his application in the probate court and tendered proof of the execution of the will, alleging that one O'Donnell, the undertaker who conducted the burial of Smith, had fraudulently concealed the will, had himself appointed administrator and had embezzled a large portion of the estate. That relator made application for probate of the will as soon as he could do so after discovering its existence. That the probate court found that letters of administration were duly issued to O'Donnell on December 26, 1941, and that notice of the letters was duly published, the first publication being on January 9, 1942. That the probate court held that because the application for probate was made more than one year after notice of letters, under the provisions of Section 532, Revised Statutes Missouri 1939, [Mo. R. S. A., vol. 1, p. 925] the court was without jurisdiction to take proof of the alleged will, or to issue a certificate of probate or rejection, and dismissed the application.

Section 532 is as follows:

"When any will is exhibited to be proven, the court, or judge, or clerk thereof in vacation, may immediately receive the proof and grant a certificate of probate, or, if such will be rejected, grant a certificate of rejection: Provided, however, no proof shall be taken of any will nor any certificate of probate thereof issued, unless such will shall have been presented to a probate court, or judge or clerk thereof in vacation, within one year from the date of the first publication of the notice of granting letters testamentary or of administration that

may have been granted by any probate court in the state of Missouri, on the estate of the testator or named in such will so presented.''

Relator contends: first, that the section is unconstitutional; second, even if the section is valid, it should not be construed to prevent probate of a will that has been fraudulently concealed for more than a ▇▇▇ year after administration has been granted and notice of letters published.

▇▇ On the constitutional question, relator's main contention is that the title of the statute as enacted did not meet the requirements of section 28 of article 4 of the state constitution. Relator also says the statute violates the ''due process'' clauses of the State and Federal Constitutions.

Section 532 was enacted in its present form in 1921 (Session Acts 1921, page 110 and following) by an act entitled: ''An Act to repeal sections numbered . . . of chapter one of the Revised Statutes of Missouri, 1919, entitled 'Administration,' and to enact eight new sections in lieu thereof, all relating to the administration of estates,'' etc.

Section 28 of article 4 of our constitution provides: ''No bill . . . shall contain more than one subject, which shall be clearly expressed in the title.''

Relator argues that the Act of 1921 contains more than one subject, to wit: (1) administration; (2) proof of wills and limitation thereon; (3) inheritance tax; and that those three subjects cannot logically be included in the term ''administration.'' That probate of wills does not relate to the administration of estates. Relator cites a definition from Black's Law Dictionary, and some Missouri cases which discuss the general subject of constitutional requirements for titles to legislative acts, but do not discuss the precise question now before us.

We see no merit in relator's contention. The probate of wills has long been considered a part of the law of administration by the general assembly and by the courts. Since statehood the same tribunals have had charge of decedents' estates whether the same passed by will or by the statutes of descent, although until 1909 the ''administration of estates'' and ''wills'' appeared in the revised statutes as separate articles. Our constitution (section 34 of article 6) vests the probate court with jurisdiction over the granting of letters testamentary as well as of administration. In the 1909 revision session the sections of the statutes relating to wills were by the general assembly classified as a part of the general administration law. In speaking of that change, this court, in the case of McCue v. Peery, 293 Mo. 225, l. c. 232, 238 S. W. 798, said:

''The Legislature had the right to make the above change, and performed its work so intelligently that no one could fail to learn, on the most casual examination the law relating to wills had been changed

from its former position as an independent law, and classified as a part of the general Administration law. We are of the opinion that the above change was not only authorized by law, but was a wise one, as the estates created by will are disposed of in the probate courts, like those of minors, insane persons, partnerships, intestate property, etc. As a matter of convenience in legislation it was preferable to have these subjects under the general law relating to the administration of estates and, hence, the Legislature, in 1909, made the above change.''

In McCue v. Peery, we considered an act passed by the general assembly in 1917 amending the administration law by reducing the time for filing contests of wills in the circuit court. The title to that act was almost identical with that of the act now under consideration, and its constitutionality was assailed for the same reason now urged in the instant case, except the objection now made in relation to inheritance tax. We held the title of the 1917 act was valid. We adhere to that ruling and hold that it rules the question here.

Even if appellant is correct in his claim that the sections on inheritance tax could not be properly included in an amendment to the law of administration, the law would not be invalidated so far as it relates to the subject of wills, for the sections are separable. However, we do not think appellant is correct in this claim. Jurisdiction to assess and collect the inheritance tax is vested in the probate court, and the tax is a charge against the shares of persons taking from decedents' estates either by will or the laws of descent. The present inheritance tax law was enacted in 1917, and at the next revision session in 1919 the general assembly placed the inheritance tax sections in the same chapter and as a part of the law of ''administration.'' This is a logical arrangement and well within the power of the general assembly. The language heretofore quoted from McCue v. Peery in reference to ''wills'' is just as applicable to the inclusion of ''inheritance tax'' in the general subject of ''administration.''

Relator's contention that Section 532 violates constitutional ''due process'' was answered in the negative by our opinion in Wyers v. Arnold, 347 Mo. 413, 147 S. W. (2d) 644, 134 A. L. R. 876. There we held that the limitation in this section on the time for probating a will is reasonable, basing our conclusion on the premise that there is no natural or inherent right to dispose of property by will; that the state has the power to prohibit such disposition entirely and, of course, has the lesser power to prescribe the time for probating a will. We said: ''One of the objects of administration is an orderly settlement of the deceased's affairs and the protection and lawful distribution of his property within a reasonable length of time.'' The Supreme Court of the United States refused certiorari to review our decision in Wyers v. Arnold.

We hold that Section 532 is constitutional and valid. Even so, relator argues that it should not be so construed as to prevent the probate of a will which has been fraudulently concealed beyond the time limited in the section.

It is unnecessary to review the cases from other jurisdictions cited by relator, for the question must be decided by a consideration of Missouri statutes as construed by our own decisions.

Our general statutes of limitations are contained in articles 8 and 9 of chapter 6 of the revised statutes.

Section 1031, Revised Statutes Missouri 1939, [Mo. R. S. A., vol. 4, p. 239] provides: "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

Section 1033, Revised Statutes Missouri 1939, [Mo. R. S. A., vol. 4, p. 245] provides: "The provisions of articles 8 and 9 of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

Both sections 1031 and 1033 have been in force in substantially their present form since 1857. In cases involving limitations under articles 8 and 9 of chapter 6 this court has often held that fraud or other improper conduct had the effect of tolling the statute. The same result has been reached in cases under special statutes of limitation which expressly provide for extending the time for certain reasons. All the Missouri cases cited by relator on this point fall within one or the other of these two lines of decisions. In Arnold v. Scott, 2 Mo. 14, the statute contained a proviso that, if any defendant by concealing himself or other means obstruct or defeat the bringing of the action within the time limited, such defendant should not be permitted to avail himself of the benefit of the Act. Foley v. Jones, 52 Mo. 64, l. c. 67, involved the general limitations statutes and was governed by what is now section 1031. In Johnson v. United Railways, 243 Mo. 278, l. c. 295, 147 S. W. 1077, the statute provided that in an action for relief on the ground of fraud, the cause of action would not be deemed to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting fraud. Foster v. Petree, 347 Mo. 992, 149 S. W. (2d) 851, was decided on the same statute that controlled the decision in Johnson v. United Railways. Wentz v. Price Candy Co., 352 Mo. 1, 175 S. W. (2d) 852, is not in point on the question now being considered. In that case we held that the extension of the period of limitation by amendment of a statute would extend an existing cause of action which had not expired at the time of amendment. Relator quotes from our opinion in that case where we said that limitation laws recognize instances of excusable

delay. We were speaking of a statute which is expressly made subject to our general statute of limitations, which includes Section 1031, supra.

This court has uniformly held that where a statute of limitations is a special one, not included in the general chapter on limitations, the running thereof cannot be tolled because of fraud, concealment or any other reason not provided in the statute itself. Stowe v. Stowe, 140 Mo. 594, 41 S. W. 951, was a suit in equity alleging that a testator had been fraudulently induced to execute a will and praying that the devisees be declared to hold the property in trust for plaintiff to the extent of his interest as an heir. Plaintiff alleged that he was an infant at the time the will was probated and that he brought the suit as soon as he discovered the fraud, which was more than five years after he attained his majority. The trial court sustained a demurrer to the petition and the case was affirmed by this court, on the ground that the petition showed on its face that the action was barred by the special statute of limitations for contesting a will. That statute provided that a will might be contested within five years after probate, "saving to infants . . . a like period of five years after their respective disabilities are removed." The opinion says: "No other exceptions whatever are engrafted on that statute and it is not the duty or right of the courts to write new provisions into the statute. The infancy of plaintiff does not change the law. The express provision in his behalf of five years excludes all other exceptions. Moreover, it is a special statute of limitations upon the sole topic of wills and their contest and it must be held to be exclusive of other statutes of limitation." See, also, State ex rel. v. Faucett (Mo.), 163 S. W. (2d) 592 and cases cited.

Section 532 is a special statute limiting the time for probating wills and it does not expressly or impliedly authorize the time to be extended for any reason.

The purpose of such statutes is expressed in one of the earliest of them, 21 James I, chap. 16, "For the quieting of men's estates and the avoiding of suits." In particular cases, this inflexible limitation may seem harsh. If so, the remedy is legislative, not judicial.

Relator's motion for judgment on the pleadings is overruled and his petition dismissed. All concur.