In the ESTATE OF Emma
Sue ROSE, Deceased.

Earle W. Courtney, et al., Appellants.

No. 70343.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 22, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Thomas K. Leeper, Quincy, IL, for appellants.

C. Todd Ahrens, Hannibal, for respondent.

GRIMM, Judge.

In this probate proceeding, an Illinois executor filed an application for ancillary probate of a will more than sixteen months after decedent's death. The trial court rejected it because "it was not presented to Probate in this state within one year of decedent's death."

Decedent's nephew appeals,[1] raising one point. He alleges that the trial court erred in denying his application for ancillary probate of the will. He contends the will was lawfully admitted to probate in Illinois, the will was discovered more than one year after decedent's death, and no other petition to probate the estate had been previously filed. We affirm.

## I. Background

Decedent, 87, died October 2, 1994 in Quincy, Illinois. Apparently she resided in a nursing home there for several years. However, she owned a farm in Lewis County, Missouri. It is this property which is the subject of this appeal.

On October 28, 1994, decedent's 1968 will was filed with the circuit court in Adams County, Illinois. That will appointed nephew executor. It gave him a life estate in the farm, with the remainder to his children. The petition for probate of the will was not filed until October 25, 1995, more than one year after decedent's death. The Illinois court issued letters testamentary on October 25, 1995.

The next proceeding occurred in Lewis County, Missouri. On November 13, 1995, a niece filed a petition for determination of heirship of the farm. On January 23, 1996, she filed a first amended petition. The parties agree that if Missouri's intestate succession law applies, the only heirs are decedent's sister and niece. Under that law, each would be entitled to a one-half interest in the farm.

Around January 26, 1996, nephew found a second will, dated in 1978, among decedent's papers. It gave the farm to nephew and named him executor. He filed the 1978 will with the circuit court in Adams County, Illinois on February 9, 1996. On the same day, that court issued letters of administration to nephew.

On February 23, 1996, nephew filed an application for ancillary probate of the 1978 will and an application for letters testamentary in the circuit court of Lewis County, Mis-

---

1. There are several appellants. However, for ease of reading, we refer only to the nephew because he is executor of the estate in Illinois.

souri. On March 8, 1996, that court conducted a hearing on the two applications. It then took the matter under advisement to permit filing of briefs. On April 4, 1996, the circuit court denied the applications.

## II. One–Year Statute of Limitations

Nephew's point on appeal does not fully comply with Rule 84.04(d). However, we exercise our discretion to review the point as we understand it. He alleges the trial court erred in denying his application for ancillary probate of the will because "the will was lawfully admitted to probate in Illinois, the will was discovered and filed more than one year after [d]ecedent's death, and no other petition to probate the estate ... had previously been filed."

Neither the parties' briefs nor our research discloses any case which has previously considered the controlling issue. The issue is whether Missouri has a statute of limitations for the ancillary probate of a will previously admitted in a foreign state.

If the issue were the initial admission of a resident's will to probate in Missouri, the answer would be clear. This state has a specific one-year statute of limitations. Under our probate code, "no written will shall be admitted to probate and no administration granted unless application is made to the court for the same *within one year from the death of the decedent.*" Section 473.070 [2] (emphasis added).

Moreover, a one-year limitations period has been strictly applied, even with apparently harsh results. Thus, in *State ex rel. Bier v. Bigger,* 352 Mo. 502, 178 S.W.2d 347 (banc 1944), the decedent died August 17, 1941. The undertaker allegedly fraudulently concealed a will, had himself appointed administrator on December 26, 1941, and embezzled a large portion of the estate. *Id.* 178 S.W.2d at 348. On September 15, 1943, shortly after the decedent's will was discovered, application for probate of the will was made. *Id.* The trial court rejected the will because of the one-year limitations period. The supreme court agreed.

It held that the one-year limitation barred the probate of the will. Further, it held that this was a special statute of limitations. As a result, the running of the statute was not "tolled because of fraud, concealment or any other reason not provided in the statute itself." *Id.* at 350.

However, the proceeding before us pertains to the estate of a nonresident. Estates of Nonresidents are generally covered by sections 473.665 to 473.694. Section 474.380 provides that any "will admitted to probate in any state ... *shall* be admitted to probate in this state in any county where real estate is affected ..." (emphasis added). Based on this statute, nephew argues that there is no statute of limitations. Thus, he contends, the 1978 will, admitted to probate in Illinois on February 9, 1996, "shall be admitted to probate in this state." Therefore, he argues, the probate division of the circuit court erred in denying the probate of the 1978 will in Missouri.

Nephew's argument overlooks another portion of the statutes pertaining to Estates of Nonresidents. Section 473.675 states that "[t]he law of this state respecting proceedings, procedures and substantive rights relating in any way to the property in this state of a nonresident decedent and its disposition ... shall apply as if the decedent had been a resident of this state, subject to the following...." One of the exceptions is that the provisions of the statutes pertaining to Estates of Nonresidents does not apply to "Methods of proving foreign wills or *the admissibility of such wills to probate or to record.*" Sec. 473.675(1)(a) (emphasis added). By its specific terms, the Estates of Nonresidents statutes do not exclude the application of section 473.070 which imposes the one year statute of limitation.

This one-year limitation is computed from "the death of the decedent." Sec. 473.070. Here, nephew did not seek to admit either the 1968 will or the 1978 will until more than one year after decedent's death on October 2, 1994.

Nevertheless, nephew asks us to grant him relief. He suggests we carve out an excep-

**2.** All statutory references are to RSMo 1994 un-   less otherwise noted.

tion to the one-year statute of limitations for hardship cases. In the alternative, he asks us to find that "the limitation does not apply to ancillary probate of a non-resident's estate or when no other letters have been sought or issued."

The General Assembly has clearly demonstrated that its public policy determination favors a relatively short statute of limitations for the admission of wills. In 1955, the General Assembly adopted H.B. 30, which substantially rewrote Missouri's probate law. Section 48 of that bill provided that a will could not be admitted to probate unless application was made "within five years from the death of the decedent." 1955 Mo.Laws 385, 504. Section 48 of H.B. 30 is now section 473.070.

In 1971, the General Assembly reduced the five year limitation to three years. 1971 Mo.Laws 447, 448. Then, in 1989, the General Assembly once again reduced the time limitation, this time to the present one year. 1989 Mo.Laws 942, 989. None of these amendments provided an exception to the statute of limitations. If we were to accept nephew's argument, we in effect would be holding that there is no Missouri statute of limitations for the admission of foreign wills. We find no justification for not having any statute of limitations for the admission of foreign wills, while having a one-year limitation for the admission of Missouri resident's wills.

Rather, we believe the purpose of section 474.380 is to provide a summary method of securing probate in Missouri of a foreign will which has been admitted to probate in another state. By so providing, witnesses to foreign wills do not have to travel to Missouri to prove up the will here. We do not believe the purpose of that section is to avoid the statute of limitations. Point denied.

The trial court's judgment is affirmed.

GERALD M. SMITH, P.J., and DOWD, J., concur.