

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. <br> DAN PATTERSON, GREENE COUNTY <br> PROSECUTING ATTORNEY, | ) <br> ) <br> ) <br> ) | |
| Relator, | ) <br> ) | |
| v. | ) <br> ) | No. SD33940 |
| THE HONORABLE MARK POWELL, | ) <br> ) | **Filed:  Dec. 16, 2015** |
| Respondent. | ) | |

## ORIGINAL PROCEEDING IN MANDAMUS

## <u>PERMANENT WRIT IN MANDAMUS ISSUED</u>

PER CURIAM.  Relator, the Prosecuting Attorney of Greene County, seeks a writ of mandamus commanding Respondent, the Honorable Mark Powell, to rescind an order purporting to waive all witness fees in a criminal case.  After having fully considered the matter, we make permanent our preliminary writ.

## Facts and Procedural History[1]

In September 2013, the State filed a four-count misdemeanor information in Greene County case number 1331-CR05767. The case was scheduled for a bench trial on April 15, 2014, but the defendant failed to appear on that date. At the request of the parties, Respondent continued the matter and re-set the case for trial on May 20, 2014. The defendant appeared on that date, and the case was tried to the court. After taking the matter under advisement, Respondent found the defendant guilty on all four counts.

On August 5, 2014, Respondent imposed sentence and entered judgment in the case. Among other things, Respondent's judgment ordered the defendant to "pay costs" within six months.

Six months later, on February 5, 2015, Respondent made a docket entry purporting to waive all witness fees in the case ("docket order"). In its entirety, the docket order stated:

> STATE BY APA MIAO. DFT IN PERSON. DFT GIVEN UNTIL
> 4-30-15 TO PAY $163.50 IN COURT COSTS. WITNESS FEES
> ADDED AFTER COURTS [sic] JUDGMENT ENTERED. ALL
> WITNESS FEES WAIVED.

The impetus for this entry is not clear from the record. The only witness fees reflected in the record are for the appearances of Kyle Bland, who was endorsed as a witness for the State and is identified as the victim in Count II of the misdemeanor information. The

---

[1] The facts are derived from the record in this court; that record is defined by Rule 84.24(g), which provides:

> The petition for the writ, together with the suggestions in support thereof, any exhibits accompanying the petition, all suggestions in opposition, the writ and return of service thereon, all answers made to the petition for the writ, and all other papers, documents, orders, and records filed in the appellate court constitute the record. No record under Rule 81.12 is required.

All rule references are to Missouri Court Rules (2015) unless otherwise noted.

record contains two forms (both entitled "GREENE COUNTY CIRCUIT COURT WITNESS FEES") showing Mr. Bland's time and mileage in connection with Greene County case number 1331-CR05767.  One is dated and stamped "FILED" April 15, 2014; the other is dated and stamped "FILED" May 20, 2014.  These dates match the dates of the trial settings of April 15, 2014 and May 20, 2014.  Each form shows a total of $103.44 in witness fees (calculated based on one day of time and a travel distance of 212 miles).[2]  Thus calculated, Mr. Bland's witness fees for the case totaled $206.88.

Mr. Bland's witness fees are also reflected in a "CASE PARTY FEE REPORT" for Greene County case number 1331-CR05767.  The report includes two entries for witness fees for Mr. Bland, one on April 21, 2014, and one on May 20, 2014.  The report further shows that, on February 11, 2015, the witness fees for Mr. Bland were adjusted to $0.00 based on Respondent's docket order.

Following Respondent's entry of the docket order, Relator filed a petition for writ of mandamus in this court that would direct Respondent to rescind his order waiving all witness fees in Greene County case number 1331-CR05767 (hereafter referred to as "the underlying case").  We issued a preliminary writ and ordered the parties to proceed with briefing in accordance with Rule 84.24(i).

## Applicable Standards

This court has authority to "issue and determine original remedial writs."  Mo. Const. art. V, § 4.1.  "'Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal.'"  *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (quoting *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 159 (Mo. banc 2007)).  "The writ will lie

---

[2] *See* § 491.280.  All references to § 491.280 are to RSMo Cum. Supp. 2013.

3

both to compel a court to do that which it is obligated by law to do and to undo that which the Court was by law prohibited from doing." *State ex rel. Leigh v. Dierker*, 974 S.W.2d 505, 506 (Mo. banc 1998). "'Ordinarily, mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers.' However, if the respondent's actions are wrong as a matter of law, then he or she has abused any discretion he or she may have had, and mandamus is appropriate." *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 538 (Mo. banc 2012) (quoting *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006)). "The standard of review for a writ of mandamus 'is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes.'" *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 517 n.5 (Mo. banc 2009) (quoting *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007)). "Where, as here, issuance of the writ depends on the interpretation of a statute, this Court reviews the statute's meaning *de novo*." *State ex rel. White Family P'ship v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008).

**Analysis**

Relator asserts that Respondent exceeded his jurisdiction and authority and abused his discretion when he waived all witness fees in the underlying case. As earlier noted, Respondent entered the docket order six months after he entered his sentence and judgment in the case. "Once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." *Mertens*, 198 S.W.3d at 618; *see Valentine*, 366 S.W.3d at 541.

4

Here, Respondent claims that the docket order was authorized by § 491.280.2.

Section 491.280 provides:

1. Witnesses shall be allowed fees for their services in the amount of twenty-five dollars per day plus a mileage allowance determined as provided in section 33.095.

2. Each witness may be examined on oath by the court or by the clerk when the court shall so order, as to factors relevant to the proper amount of payment pursuant to this section.

Respondent's reliance on § 491.280.2 is misplaced for several reasons.

As an initial matter, we note that there is no indication that the docket order was based on an examination of Mr. Bland under oath as authorized by section 491.280.2. Whatever further authority may be implied from this provision (e.g., the power to increase or decrease the amount that is to be paid to a witness), the examination of a witness under oath is a prerequisite to the exercise of that authority. Here, there is no indication – either in the record or from any argument asserted by the parties – that Mr. Bland was either present for the proceedings that occurred on February 5, 2015 or was at any other time examined under oath "as to factors relevant to the proper amount of" his witness fees. Absent such an examination, Respondent's purported exercise of authority based on § 491.280.2 was wrong as a matter of law and, therefore, an abuse of discretion. *See **Berkemeyer***, 298 S.W.3d at 517 n.5.

Furthermore, Respondent's conclusion that the witness fees were "added" after the court entered its judgment and sentence in the underlying case is contradicted by the record. The record contains documentation of Mr. Bland's witness fees for the dates of April 15, 2014 and May 20, 2014, all bearing the circuit clerk's "FILED" stamp with the same dates. The CASE PARTY FEE REPORT further shows that these amounts were entered as fees in the case on April 21, 2014 and May 20, 2014, respectively. Based on

5

the file-stamp and entry dates appearing on these records, there is no question that the witness fees were entered of record in the underlying case prior to Respondent's entry of sentence and judgment. Respondent's finding that witness fees were "added" after that final judgment was entered is clearly refuted by the record. To the extent that Respondent's waiver of witness fees was premised on that erroneous finding, it would also constitute an abuse of discretion.[3]

Finally, § 491.280.2 does not authorize a trial court to *waive* witness fees. The plain and ordinary meaning of the term "waive" is "to refrain from pressing or enforcing (as a claim or rule): FORGO <~ the fee>[.]" Merriam–Webster's Collegiate Dictionary 1406 (11th ed. 2003). The person with the ability to waive such fees would be the witness, not the judge. By purporting to "waive" such fees on behalf of a witness who had not authorized such a waiver, Respondent effectively dispensed with (or "refrain[ed] from . . . enforcing") any and all witness fees despite the clear and unambiguous language in § 491.280.1 that states such fees "shall" be awarded.

While § 491.280.2 authorizes the trial court to examine a witness "as to factors relevant to the proper *amount* of payment pursuant to this section" (emphasis added), it does not, either expressly or implicitly, authorize the trial court to "waive" fees that are proper and otherwise payable in accordance with § 491.280.1. Accordingly, Respondent's purported waiver of all witness fees based on a claim of authority under § 491.280.2 was wrong as a matter of law and, therefore, an abuse of discretion. *See Berkemeyer*, 298 S.W.3d at 517 n.5.

---

[3] Notably, § 491.280 does not address when witness fees are to be "added." Thus, it is debatable whether the timing of adding such fees is even a "factor[] relevant to the proper amount of payment" for purposes of § 491.280.2, particularly since a witness examined under this provision is unlikely to have any knowledge concerning such matters. As our decision does not turn on this question, we do not address it.

6

For the foregoing reasons, we conclude that Respondent's purported waiver of witness fees was not authorized by § 491.280.2.[4]  Respondent cites no other authority for such a waiver, and our independent research has found none.

Because Respondent abused his discretion in "waiving" the witness fees in the underlying case, mandamus is appropriate.  *See **Mertens***, 198 S.W.3d at 618-19.  Accordingly, we issue a permanent writ in mandamus and direct Respondent to rescind his "waiver" of all witness fees in Greene County case number 1331-CR05767.


DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] Because we conclude that Respondent's waiver of witness fees is not authorized by § 491.280.2 on other grounds, we do not decide whether its provisions are applicable after the entry of sentence and judgment in a criminal case.